# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:08cv545

| | |
|---|---|
| JACKLYN JAY MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DEBRA K. HURST; GOLD COAST ) | |
| FEDERAL CREDIT UNION; and ) | |
| JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant Gold Coast Federal Credit Union's Motion to Dismiss. Plaintiff is proceeding pro se and will be advised of her obligation to respond and the time for doing so. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that defendant Gold Coast Federal Credit Union has filed a Motion to Dismiss contending that she has failed to state a cause of action against it. Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. This language means that in responding to the motion to dismiss, plaintiff must show that she has made sufficient allegations to support a cause of action against such defendant that is recognized by

-1-

law. Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiff's complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955 (2007). Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id. While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot

"accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

Finally, plaintiff is advised that she has until February 23, 2009, to file her response, and that such response must be serve on all the other parties, and that she must include a certificate of service indicating the manner in which she served such parties.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff respond to defendant Gold Coast Federal Credit Union's Motion to Dismiss not later than February 23, 2009.

Signed: February 7, 2009

Dennis L. Howell
United States Magistrate Judge