IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08cv545

| | |
|---|---|
| JACKLYN JAY MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | AMENDED |
| Vs. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| DEBRA K. HURST; GOLD COAST ) | |
| FEDERAL CREDIT UNION; and ) | |
| JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant United States of America's Motion to Dismiss and Gold Coast Federal Credit Union's Motion to Dismiss. Plaintiff is proceeding *pro se* and has been advised of her obligation to respond, the manner of her response, and the time for doing so, all in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). See Docket Entry #8 and #10. On March 9, 2009, plaintiff timely filed her response and on March 23, 2009, the government timely filed its Reply. Plaintiff filed her timely Response to Gold Coast's Motion to Dismiss on February 23, 2009, and such defendant filed no reply. The issues having been fully briefed, the undersigned enters the following findings, conclusions, and recommendation.

# FINDINGS AND CONCLUSIONS

## I. Background

In this action, plaintiff seeks a writ of mandamus to compel defendant Debra K. Hurst to produce and be bound by the regulations having the force and effect of law authorizing the levy that was served on Gold Coast Federal Credit Union and to withdraw the Notice of Levy.

First, the government has moved to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of subject matter jurisdiction. The plaintiff has responded and the government has timely replied. The government also seeks dismissal of the Amended Complaint as to all other named defendants as the proper party to this suit is the United States.

Second, defendant Gold Coast Federal Credit Union filed its Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6), for failure to state a claim. Plaintiff timely responded, but such defendant failed to either reply or give written notice that it would not reply as required by Local Civil Rule 7.1(E). Such rule is intended to expedite consideration of motions and such non-compliance has caused the court delay in reaching the merits of these motions.

## II. Applicable Standards

### A. Rule 12(b)(1)

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In the Roseboro Order, plaintiff was so advised. In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the

> proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

**B.     Rule 12(b)(6)**

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the

> factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiff's complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id.

While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s,

LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

**III. The Government's Motion to Dismiss**

**A. Suit Against the Real Party in Interest**

In moving to dismiss, the government has argued that the United States of America is real party in interest and the only party who could properly be a defendant in this matter. In general, Rule 17 provides in relevant part that "[a]n action must be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a)(1).

The United States of America, not its agencies or its employees, is the proper party for suit sounding in tort. The basic jurisdictional statute--28 United States

Code, Section 1346(b)--confers jurisdiction on a federal district court to hear claims sounding in tort against the United States, not against its agencies. This point is amplified in Section 2679(c):

> (a) The authority of any federal agency to sue or be sued in its own name shall not be construed to authorize suits against such federal agency or claim cognizable under Section 1346(b) of this Title and the remedies provided by this Title in such cases shall be exclusive.

Together, these two statutory provisions have uniformly been held to bar a suit which is directed against the federal agency *eo nomine* rather than against the United States. See e.g., Stewart v. United States, 655 F.2d 741 (7th Cir. 1981); Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir.), cert. denied, 382 U.S. 892 (1965); Crockett v. Citizens & Southern Finance Corp., 349 F.Supp. 1104, 1105 (N.D. Ga. 1972).

Therefore, the plaintiff's Amended Complaint naming federal employees, as well as a private financial institution, must be dismissed as the real and only party defendant to a claim that an Internal Revenue Service (hereinafter "IRS") levy is proper is the United States of America.

### B. Subject Matter Jurisdiction

Having first determined that the only party in interest to this action is the United States of America, the undersigned must next consider whether there is subject matter jurisdiction in this court over plaintiff's claim against such defendant. The

court has read the allegations of the Amended Complaint in a light most favorable to plaintiff. In the context of Rule 12(b)(1), the allegations have been read in a manner most favorable to finding subject matter jurisdiction. As discussed below, however, this court lacks jurisdiction over the subject matter of this suit.

Plaintiff brought this suit in response to a Notice of Levy served by the IRS on Gold Coast Federal Credit Union to reach funds belonging to plaintiff. As discussed above, plaintiff seeks a writ of mandamus to compel defendant to produce and be bound by the regulations having the force and effect of law authorizing the levy that was served on Gold Coast Federal Credit Union and to withdraw the Notice of Levy.

This court cannot, as a matter of law, provide the plaintiff with the relief she seeks because the Anti-Injunction Act bars suits brought for the purpose of restraining the collection of any tax and the Declaratory Judgment Act excepts from federal courts' jurisdiction cases requesting declarations with respect to federal taxes. While 28, United States Code, Section 1361 provides that district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty, such provision does not constitute a waiver of sovereign immunity. Ocean Breeze Festival Park, Inc. v. Reich, 853 F. Supp. 906, 917 (E.D. Va. 1994), *aff'd*, Virginia Beach Policemen's Benev. Ass'n v. Reich, 96 F.3d 1440 (4th Cir. 1996). While the United States has waived its

sovereign immunity in certain areas, the waiver is <u>limited</u>, however, and the United States of America remains immune except to the extent of its consent, the terms of which have been expressly and specifically set forth by Congress. These express parameters define this court's subject-matter jurisdiction. <u>See</u> <u>United States v. Orleans</u>, 425 U.S. 807, 814 (1976); <u>Dalehite v. United States</u>, 346 U.S. 15 (1953). The Administrative Procedures Act, 5, United States Code, Section 702, waives sovereign immunity in cases seeking mandamus, but this general waiver does not provide the basis for jurisdiction where more specific statutes, namely the Anti-Injunction Act and the Declaratory Judgment Act, bar requested relief. <u>McCarty v. United States</u>, 929 F.2d 1085 (5th Cir. 1991).

Specifically, the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment and collection of any tax shall be maintained in any court by any person." 26 U.S.C. 7421(a). Similarly, the Declaratory Judgment Act excepts from federal courts' jurisdiction cases requesting declarations with respect to federal taxes, 28, United States Code, Section 2201(a), and provides a separate ground for dismissal of this action due to lack or jurisdiction. <u>Jordan v. United States</u>, 863 F. Supp. 270, 274 (E.D.N.C. 1994). The Declaratory Judgment Act explicitly excepts tax issues:

> In a case of actual controversy within its jurisdiction, <u>except with</u>

<u>respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986</u> . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a)(emphasis added).

The undersigned must, therefore, respectfully recommend that this action be dismissed in its entirety as the only proper claim would be one against the United States of America, and this court lacks subject matter jurisdiction to hear plaintiff's claims.

## IV. Gold Coast's Motion to Dismiss

While the only proper party to a claim concerning federal tax levies would be the United States of America, Gold Coast has also properly invoked the immunity they enjoy under 26, United States Code, Section 6332(e), when they comply - - as they must - - with a demand for levy issued by the IRS:

> **(e) Effect of honoring levy**
> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. 6332(e). Thus, Gold Coast is absolutely immune to all the claims plaintiff has asserted herein. Rice v. Norfolk So. R.R. Co., 2001 WL 965502 (W.D.N.C. 2001).

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that the United States of America be **SUBSTITUTED** for all named parties as the real party in interest, that the named parties be **DISMISSED** from this action, and that the defendant's Motion to Dismiss Amended Complaint (#9) be **ALLOWED** and that this action be **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that Gold Coast Federal Credit Union's Motion to Dismiss (#6) be **ALLOWED** and that this action also be dismissed as to such defendant for the additional reason that such financial institution is absolutely immune to the claims herein asserted.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the

district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

      Signed: April 3, 2009

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge