IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:08CV545

| | |
|---|---|
| JACKLYN JAY MOORE, ) </br> ) </br> Plaintiff, ) </br> ) </br> Vs. ) </br> ) </br> DEBRA K. HURST, individually and ) </br> in her official capacity as employee ) </br> of the Government of the United ) </br> States; GOLD COAST CREDIT ) </br> UNION; and JOHN DOES 1-10, ) </br> ) </br> Defendants. ) </br> ) | **ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court on Plaintiff's timely filed objections to the Amended Memorandum and Recommendation filed by the Magistrate Judge and Defendants' replies thereto.

## I. PROCEDURAL HISTORY

Plaintiff, proceeding *pro se*, seeks a writ of mandamus to compel Defendant Hurst to produce and be bound by the regulations having the force and effect of law authorizing the levy served on Defendant Gold

Coast and to withdraw the notice of levy.  **See Amended Petition for Writ of Mandamus and Complaint, filed January 26, 2009.**  On February 5, 2009, Defendant Gold Coast moved to dismiss the petition/complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  **See Defendant Gold Coast Federal Credit Union's Motion to Dismiss, filed February 5, 2009.**  Defendant Hurst, through the United States, also moved to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction; the United States also moved to dismiss the complaint as to Hurst and John Does 1-10, arguing that it was the proper party to this lawsuit.  **See United States' Motion to Dismiss Amended Complaint, filed February 17, 2009.**  After advising the Plaintiff in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), as to her responsibilities to respond to the Defendants' motions, Plaintiff filed an opposition to both motions to dismiss, and only Hurst, through the United States, filed a reply.  **See Order, filed February 9, 2009; Reply to Opposition, filed March 23, 2009.**  After consideration of the amended complaint, and the motions and supporting memoranda, the Magistrate Judge recommended the United States be substituted for all of the named parties as the real party in interest; that the named parties be dismissed

from the action; that the Government's motion to dismiss the amended complaint be allowed for lack of subject matter jurisdiction; and that Defendant Gold Coast's motion to dismiss for failure to state a claim be allowed.  **See Amended Memorandum and Recommendation, filed April 3, 2009, at 11.**  On April 17, 2009, Plaintiff timely filed objections to the Amended Memorandum and Recommendation and Defendants filed responses thereto.  **See Reply to Objection by Defendant Gold Coast, filed April 30, 2009; Reply to Objection by Defendant Hurst, filed May 4, 2009.**

## II.  STANDARD OF REVIEW

A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with a copy thereof.  **See 28 U.S.C. § 636(b)(1)**.  "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections."  ***Thomas v. Westinghouse Savannah River Co.*, 21 F. Supp. 2d 551, 560 (D.S.C. 1997);** *see also, **Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify

**those findings objected to.").** "Frivolous, conclusive or general objections need not be considered by the district court." ***Id.*** "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." ***Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004);** *see also **Jones v. Hamidullah*, 2005 WL 3298966, at *3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report].").** General or conclusory objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. ***Tyler v. Beinor*, 81 F. App'x 445, 446 (4th Cir. 2003); *United States v. Woods*, 64 F. App'x 398, 399 (4th Cir. 2003).** If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1).** Where no objection is made, however, the Court need "'only satisfy itself that there is no clear error on

the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, Advisory Committee note).

## III. DISCUSSION

The Court has conducted a close examination of Plaintiff's objections and concludes that Plaintiff has offered only general, conclusory objections to the Magistrate Judge's suggested recommendations. It is not enough to simply disagree with the proposed rulings, rather an objecting party must identify specific portions of the recommendation that are in error. Where no proper objections are made, the Court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315; *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (holding "Courts have also held *de novo* review to be unnecessary . . . when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.").

After a careful review of the Magistrate Judge's Amended Memorandum and Recommendation, the Court finds that the proposed findings are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation that the Plaintiff's complaint against all Defendants be dismissed.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the United States is hereby substituted for the named parties as the real party in interest, and Plaintiff's claims against Debra Hurst and John Does 1-10 are hereby **DISMISSED WITH PREJUDICE** in their entirety**.**

**IT IS FURTHER ORDERED** that the United States' motion to dismiss the amended complaint for lack of subject matter jurisdiction is **ALLOWED**, and this action is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendant Gold Coast's motion to dismiss for failure to state a claim is **ALLOWED,** and Plaintiff's claims against this Defendant are hereby **DISMISSED WITH PREJUDICE** in their entirety**.**

7

Signed: May 19, 2009

Lacy H. Thornburg
United States District Judge